

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0659-10

### PEDRO ARIEL ZARATE LUCIO, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

ALCALA, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion.

## O P I N I O N

In this petition for discretionary review, appellant Pedro Ariel Zarate Lucio contends that the court of appeals erred by holding that the trial court did not improperly comment on the weight of the evidence in its answer to the jury's question. *Lucio v. State*, No. 02-08-00179-CR, 2010 Tex. App. LEXIS 3241,*21-22 (Tex. App.—Fort Worth Apr. 29, 2010) (mem. op., not designated for publication). Although it will usually constitute a comment on the weight of the evidence for a trial court to focus on a particular piece of evidence in

its initial charge to the jury, we hold that a trial court's answer to a question a jury asks during deliberations will not necessarily constitute an improper comment on the weight of the evidence. We, therefore, affirm the court of appeals's judgment.

## I. Background

A jury convicted appellant in trial cause number 1108904-R for murder in Count II and for engaging in organized criminal activity in Count III as charged in a single indictment.[1] *See* TEX. PEN. CODE §§ 19.02 & 71.02. While deliberating in the sentencing phase of trial, the jury sent a written note to the trial court asking, "Are there any limitations on who can speak as a character witness during the sentencing phase?" The trial court responded, "You have heard all of the witnesses who were called to testify. Please continue your deliberations." Moments later, the jury submitted another note asking, "Does the law prevent a family member from speaking during the sentencing phase, for the defendant?" Following extensive discussion among the lawyers and the trial court, the court proposed the following response:

> The law does not prohibit a family member from testifying on behalf of a defendant so long as the witness has relevant evidence related to an issue in the case. You have heard all of the witnesses who have been called to testify. Please continue your deliberations.

The trial court overruled defense counsel's objection and submitted the instruction to the jury. The jury assessed appellant's punishment at 60 years' confinement on each count.

---

[1]    The jury acquitted appellant of capital murder as charged in Count I.

On direct appeal, appellant challenged the trial court's answer to the jury's question, contending that the answer was a comment on the weight of the evidence. *Lucio*, No. 02-08-00179-CR, 2010 Tex. App. LEXIS 3241, at *20. Overruling his issue, the court of appeals explained that the law permits a trial court to respond to a jury note with a correct statement of law, as long as the answer expresses no opinion as to the weight of the evidence and does not assume the existence of a disputed fact. *Id.* at *21-22. We granted appellant's petition for discretionary review, in which he argues that "the court of appeals erred by holding that the trial court's unnecessary supplemental jury instruction at punishment was proper and did not amount to a prohibited comment on the weight of the evidence."

## II.  General Law Concerning Instructions to the Jury

The jury is bound to be governed by the law it receives from the court. TEX. CODE CRIM. PROC. art. 36.13; *Whaley v. State*, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986). Although the trial court ordinarily provides instructions to the jury in their entirety before the jury retires to deliberate, the court may give further written instructions upon the jury's written request for additional guidance regarding applicable law. *See* TEX. CODE CRIM. PROC. art. 36.16 (providing that court may give "further charge" to jury upon jury's request

after parties finish closing arguments).[2]  When the trial court responds substantively to a question the jury asks during deliberations, that communication essentially amounts to a supplemental jury instruction, and the trial court must follow the same rules for impartiality and neutrality that generally govern jury instructions.  *See Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993).

Because a trial court's answer to a jury's question must comply with the same rules that govern charges, the trial court, as a general rule, must limit its answer to setting forth the law applicable to the case; it must not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any response calculated to arouse the sympathy or excite the passions of the jury. *See* TEX. CODE CRIM. PROC. art. 36.14; *Bartlett v. State,* 270 S.W.3d 147, 152 (Tex. Crim. App. 2008).

### III.  Analysis

Citing *Bartlett v. State*, appellant asserts that the trial court commented on the weight of the evidence by singling out a particular piece of evidence in its answer to the jury's

---

[2]    *See also* TEX. CODE CRIM. PROC. art. 36.27 (after deliberations have begun, jury may communicate with trial court in writing and court "shall answer any such communication in writing"); *Walker v. State*, 440 S.W.2d 653, 659 (Tex. Crim. App. 1969) ("If the jury after retirement request additional instructions upon a question of law and the subject matter of the request is proper there can be no question but [t]hat the Court should give such instructions in writing."); *Gamblin v. State*, 476 S.W.2d 18, 20 (Tex. Crim. App. 1972) (Article 36.27 "requires the court to answer communications of the jury and give additional instructions upon questions of law when the request is proper.  If not, the court should inform the jury that their request is not proper by referring to the court's charge.").

question that asked whether the law permitted family members to testify. 270 S.W.3d at 152.[3]

In *Bartlett*, the trial court instructed the jurors at the conclusion of the guilt phase of Bartlett's trial for driving while intoxicated that they were permitted to consider the fact that he refused to submit to a breath test. *Id*. We held that a jury instruction that uses seemingly neutral language informing the jurors that they may consider evidence of a defendant's refusal to take a breath test constitutes an impermissible comment on the weight of the evidence. *Id*. We explained that, unless the instruction concerns one of three exceptions that permit the general jury charge to instruct upon particular evidence,[4] a trial court's general jury charge may not single out a particular piece of evidence for special attention. *Id*. The rationale behind this prohibition is that a trial court's focus on particular evidence has the potential to "obliquely or indirectly convey some [judicial] opinion on the weight of the evidence by singling out that evidence and inviting the jury to pay particular attention to it." *Id*.

---

[3]   Appellant also cites to other cases, including *Matamoros v. State,* 901 S.W.2d 470, 477 (Tex. Crim. App. 1995) (holding trial court properly denied jury instruction that mere admission of DNA evidence does not mean that court vouches for its reliability or that results should be accepted as proof beyond reasonable doubt because that is comment on weight of evidence by singling out particular evidence for special attention), and *Brown v. State*, 122 S.W.3d 794, 802 (Tex. Crim. App. 2003) (holding that instruction in original charge informing jury that "intent or knowledge may be inferred by acts done or words spoken" was comment on weight of evidence because it "focus[ed] the jury's attention on the type of evidence that may support a finding of criminal intent."). These decisions, like *Bartlett v. State*, stand for the general proposition that a trial court improperly comments on the weight of evidence by singling out evidence in its general instructions to the jury. *See Bartlett v. State,* 270 S.W.3d 147, 152 (Tex. Crim. App. 2008).

[4]   None of these exceptions are applicable here.

In *Bartlett*, the trial court impermissibly focused on evidence in its charge to the jury given before the jury began its deliberations by singling out evidence for particular attention by the jury. *Bartlett,* 270 S.W.3d at 148-49; *see also Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003); *Matamoros v. State*, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995). By contrast, here, the jury is the entity that focused on the evidence in its question to the trial court. The trial court merely responded to that inquiry with a neutral and impartial statement describing the applicable law. *Bartlett*, therefore, is procedurally distinguishable because the trial court gave the complained-of instruction before the jury's deliberations, rather than in response to a jury question, as occurs in the present case. *Bartlett,* 270 S.W.3d at 148-49; *see also Brown*, 122 S.W.3d at 797; *Matamoros*, 901 S.W.2d at 477. The concern discussed in *Bartlett*—that the trial court must not "obliquely or indirectly" convey an opinion about the weight of the evidence by singling it out and inviting the jury to pay particular attention to it—is inapplicable to this case because it was the jury that first "singled out" the evidence for particular attention, not the trial court. *Compare Bartlett,* 270 S.W.3d at 154.

This case is more analogous to *Green v. State*, in which the trial court responded to a jury question after deliberations had begun. 912 S.W.2d 189 (Tex. Crim. App. 1995). In that case, after submitting to the trial court multiple requests for clarification, the jury asked whether a witness had "stated [appellant] had 'emotional problems,'" to which the trial court responded that the witness "never used the term 'emotional problems'!" *Id*. at 192. This Court held that this response was not an improper comment on the weight of the evidence,

stating that "[t]he trial court responded to a narrow and straightforward jury question with a narrow and straightforward answer that was responsive to the question asked." *Id*. at 193. We explained that the response "expressed no opinion that [the witness's] testimony did not support a conclusion appellant had 'emotional problems,'" and was "an objective conclusion based on the record concerning a dispute among the jury about the testimony of a witness." *Id*.

We conclude that the general rule that prohibits the court from singling out a particular piece of evidence in its instructions to the jury given prior to jury deliberations does not necessarily apply when the court merely responds to the jury's question concerning a subject identified by the jury alone. Nothing in the trial court's answer focused the jury on the fact that none of appellant's family members had testified during the punishment phase. Rather, the jury alone focused on that fact, which prompted its note to the trial court, perhaps because of evidence supplied by appellant's girlfriend, who testified that appellant "only associated with his family." In response to the jury's question, the trial court merely provided a correct statement of law that family members with relevant evidence were not prohibited from testifying. *See* TEX. R. EVID. 402 ("All relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority."). From this, the jury could have permissibly inferred either that none of the available family members could provide relevant information or that appellant did not call the available family members to testify because they would supply

evidence unfavorable to appellant. *See Albiar v. State*, 739 S.W.2d 360, 362-63 (Tex. Crim. App. 1987) ("The failure to produce available evidence justifies an inference that it would be unfavorable to the defendant."). Regardless of which inference the jury drew, neither was promoted by the trial court's answer, which did not improperly convey a "personal estimation of the strength or credibility" of evidence in its neutral and correct statement of the applicable law. *See Watts v. State,* 99 S.W.3d 604, 611 n.24 (Tex. Crim. App. 2003). We hold, therefore, that the court of appeals correctly determined that the trial court did not improperly comment on the weight of the evidence in its answer, which provided a correct statement of the law without expressing any opinion as to the weight of the evidence or assuming the existence of a disputed fact. *Lucio*, No. 02-08-00179-CR, 2010 Tex. App. LEXIS 3241, at *21-22.

Appellant also suggests that the trial court's answer is improper because a trial court is statutorily prohibited from commenting on the weight of the evidence in making evidentiary rulings. *See* TEX. CODE CRIM. PROC. art. 38.05. But neither party offered testimony from family members in the sentencing phase of trial so the trial court never made an evidentiary ruling concerning this matter. This statutory prohibition is, therefore, inapplicable.

Furthermore, in his brief, appellant asserts, in his summary of the argument, that his punishment is not assessed "on the basis of the evidence presented, but instead on the basis of speculation as to why or why not certain family members did not testify on Petitioner's

behalf." The sole reference to this assertion in the argument section of his brief is a single sentence, which states, "This instruction could have no effect other than to invite the jury to speculate about why they did not hear that type of evidence." This single sentence is unaccompanied by any other argument or authorities. Similarly, in his brief in the court of appeals, appellant provides only this same single sentence, citing no authority, and the court of appeals's opinion does not address this contention. Appellant has never provided any explanation as to how the trial court's answer—which effectively instructed that only relevant evidence is admissible—would invite the jury to improperly speculate. *See* TEX. R. EVID. 402. We conclude that because appellant failed to properly brief this assertion, the court of appeals properly declined to address it. *See* TEX. R. APP. P. 38.1(i) (an appellate brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001) (dismissing appellant's issues because "his brief presents no authority in support of his argument"). We, therefore, decline to address appellant's contention that the trial court's answer invited the jury to speculate about evidence.

We overrule appellant's ground for review.

### IV.  Conclusion

We affirm the judgment of the court of appeals.


Delivered: November 9, 2011
Publish